STONE, J.
*578 Alice Henderson appeals the trial court's judgment finding State Farm Mutual Automobile Insurance Company was not arbitrary, capricious, or without probable cause in denying her insurance claim. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 6, 2015,[1] Alice Henderson ("Henderson") backed her 2005 Lincoln Town Car into a concrete pillar ("pole"). Henderson alleged her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), instructed her to take the vehicle to Hixson Ford of Monroe ("Hixson Ford") for an estimate of the damages. On March 17, 2015, Henderson's vehicle was inspected by Bridget Moseley, who estimated $1,748.77 in damages. The estimate included damage to the vehicle's left rear bumper and replacement of the impact bar and a deflector.
According to State Farm, Henderson was not instructed to take her vehicle to Hixson Ford, but to Lee Edwards Mazda in Monroe. After becoming aware of the miscommunication, State Farm told Henderson to take the vehicle to Lee Edwards Mazda. On May 18, 2015, Henderson took the vehicle to Lee Edwards Mazda where it was inspected by Lisa Chain ("Chain"). Chain estimated the damages to the left rear bumper at $1,167.77. Chain wrote a check to Henderson totaling $916.77, which was the estimate minus Henderson's $250 deductible.
Three weeks later, Henderson contacted State Farm to complain that the vehicle had "sat down" on its tires, and State Farm had the vehicle towed to Hixson Ford. On April 7, 2015, Donnie Vocker ("Vocker") inspected the vehicle's air suspension system, including the vehicle's air compressor that inflates the rubber bladders when the vehicle is cranked. Vocker explained that the air compressor seized up because it was working too hard and activating more often to compensate for air loss in the rubber bladders. Vocker attributed the air loss to uniform "dry rot" cracks in the rubber bladders. Vocker determined the dry rot cracks were not a result of the accident, but the result of normal wear and tear based on the age of the vehicle. Vocker shared his diagnosis with State Farm adjuster, Randy Debruhl ("Debruhl"), who also observed significant dry rotting in the rubber bladders. Ultimately, Henderson's insurance claim was denied.
Henderson subsequently filed suit against State Farm claiming that State Farm unreasonably failed to repair the vehicle. A trial on the matter was held on May 3, 2016. On July 7, 2016, the trial court found there was insufficient evidence to prove the vehicle's air suspension system failed because of the accident. The *579 trial court rendered a final judgment declaring State Farm was not arbitrary, capricious, or without probable cause in denying Henderson's insurance claim. Henderson now appeals.
DISCUSSION
Henderson claims State Farm breached its duty under La. R.S. 22:1892 and 1973 to adjust her insurance claim fairly and in good faith. According to Henderson, State Farm had a statutory obligation to perform adequate tests on the vehicle's air suspension system and not simply rely on Vocker and Debruhl's "visual inspection." Despite hearing testimony from mechanic Frank Walters ("Walters") that the rubber bladders were not suffering from air loss, Henderson argues State Farm continues to arbitrarily deny her insurance claim.
An insurer owes its insured a duty of good faith and fair dealing. As such, an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. La. R.S. 22:1973(A). Both La. R.S. 22:1892(B)(1) and La. R.S. 22:1973(B)(5) and (C) provide for penalties, including attorney fees, against an insurer whose failure to pay a claim after receiving satisfactory proof of loss is found to be arbitrary, capricious, or without probable cause. Both statutes are penal in nature and must be strictly construed. Cooper v. Farmers Ins. Exch. , 50,978 (La. App. 2 Cir. 11/23/16), 210 So.3d 829, 832 ; Jones v. Johnson , 45,847 (La. App. 2d Cir. 12/15/10), 56 So.3d 1016, 1021.
To prevail under 22:1892(B)(1), the claimant must establish that the insurer received satisfactory proof of loss, failed to pay the claim within the applicable statutory period, and that the failure to timely tender a reasonable amount was arbitrary and capricious. Cooper, supra ; Jones, supra . Satisfactory proof of loss within the meaning of the statute is that which is sufficient to "fully apprise the insurer of the insured's claim." McDill v. Utica Mutual Ins. Co. , 475 So.2d 1085 (La. 1985) ; Cooper , supra ; Jones , supra .
Moreover, for the court to assess penalties and attorney fees, the claimant must show that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay. Cooper , supra . The phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious" and means a refusal to pay that is unjustified and without a reasonable or probable cause or excuse. Reed v. State Farm Mut. Auto. Ins. Co., 2003-0107 (La. 10/21/03), 857 So.2d 1012, 1021 ; Cooper , supra . Thus, penalties and attorney fees are inappropriate when the insurer has a reasonable basis to defend the claim and was acting in good faith reliance on that defense. Guillory v. Lee , 2009-0075 (La. 06/26/09), 16 So.3d 1104 ; Cooper , supra . This is especially true when there is a reasonable and legitimate question as to the extent and causation of a claim; bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists. Guillory, supra ; Cooper , supra .
Whether the insurer's actions were arbitrary, capricious, or without probable cause is a question of fact, and the trial court's finding should not be disturbed absent manifest error. Cooper , supra ; Jones, supra.
At trial, Vocker testified he had over 40 years of experience working on air suspension systems. He stated that after five to six years, a Lincoln Town Car's air suspension system will begin experiencing issues. According to Vocker, as a vehicle ages, the rubber bladders in the vehicle's air suspension system gradually deteriorate or "dry *580 rot" and cracks develop in them. Vocker asserted as a result of the cracks the rubber bladders will suffer air loss, which forces the air compressor to work harder in order to keep the rubber bladders inflated.
Through photographs taken by Debruhl, Vocker showed the trial court the uniform dry rot cracks he observed in the rubber bladders of Henderson's vehicle. Vocker asserted the dry rot cracks caused the rubber bladders to lose air, which resulted in the air compressor seizing up. Vocker testified that the rubber bladders were "really" dry-rotted, and observed no gashes or cuts in them indicative of collision damage. Vocker maintained that Henderson's accident could not have caused the cracks in the rubber bladders, and called the air suspension system's failure soon after Henderson's accident a "coincidence."
Debruhl has been a State Farm adjuster for 13 years inspecting damaged and wrecked vehicles. Debruhl stated he often relies on experts in assessing collision-related damages, especially on mechanical and electrical issues. After speaking with Vocker and inspecting the vehicle, Debruhl opined the vehicle's suspension issues were not caused by Henderson's accident. Like Vocker, Debruhl observed significant dry rotting around both rubber bladders in the vehicle, and uniform dry rot cracks around the rim of the rubber bladders. Debruhl did not observe any damage to indicate the cracks in the rubber bladders were collision-related. Since the vehicle's suspension issues were the result of normal wear and tear, Debruhl reported to State Farm that Henderson's claim was not covered under her insurance policy.
A day after trial concluded, Henderson filed a motion to allow additional testimony in order to rebut the testimony of Vocker and Debruhl. The trial court granted the motion, and Henderson presented Walters' testimony. Walters testified Henderson invited him to her home on May 5, 2016, to diagnose the issue with the vehicle's air suspension system. Upon arriving, Walters stated he replaced the vehicle's air compressor with a new one Henderson purchased earlier in the day. After cranking up the vehicle, the new air compressor turned on and the rubber bladders inflated.
Thirty minutes after installing the new air compressor, Walters noticed the rubber bladders were not suffering air loss. However, Walters admitted the vehicle was not lifted in order for him to actually inspect the condition of the rubber bladders. From his experience, Walters claimed the majority of air compressors fail because of water getting sucked into them. Walters could not say if the air compressor in Henderson's car failed because of the collision. He claimed his only experience with a collision-damaged air compressor was from a front-end collision and not a rear-end collision as in the instant case.
After a review of the record, we find State Farm was not arbitrary, capricious, or without probable cause in denying Henderson's insurance claim. The trial court concluded Henderson failed to meet her burden of proving the accident caused the failure of her vehicle's air suspension system. The trial court was obviously persuaded by the only qualified expert in this case, Vocker, and by Debruhl's testimony that the failure of the air suspension system was due to dry rot cracks in the rubber bladders. Although Walters testified the rubber bladders did not suffer any air loss after he installed a new air compressor, he never inspected the vehicle to determine whether or not the dry rot cracks in the rubber bladders could have caused the air compressor to seize up.
*581 Debruhl testified in order for Henderson to recover under her State Farm insurance policy, she had to show the failure of her air suspension system was due to the accident, and not the result of wear and tear or mechanical malfunction. Neither Vocker, Debruhl, nor Walters could testify that the air suspension system's failure was caused by the accident. Accordingly, we find no manifest error in the trial court concluding State Farm was not arbitrary, capricious, or without probable cause in denying Henderson's insurance claim.
CONCLUSION
For the foregoing reasons, the trial court's judgment declaring State Farm was not arbitrary, capricious, or without probable cause in denying Henderson's insurance claim is affirmed. Costs of this appeal are assessed to Henderson.
AFFIRMED.

Henderson testified that she hit the pole on March 6, 2015. However, State Farm documented the date of loss as March 12, 2015. Henderson admitted that the accident "could have" occurred on March 12, 2015.